IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 58,548-01






EX PARTE BILLY JOE WARDLOW








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM TITUS COUNTY






 Per Curiam. Price, J., would remand for affidavits on allegations 5B, 5E, and 7. 
Johnson, J., dissents.




O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071 of the Texas Code of Criminal Procedure.

 On February 8, 1995, applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted pursuant to Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Wardlow v. State, No.
72,102 (Tex. Crim. App. Apr. 2, 1997)(not designated for publication).

 After initially asking this Court to refrain from appointing him counsel for habeas
and to immediately set an execution date for him, applicant entered into a legal
representation agreement with attorney Mandy Welch on September 25, 1997, in which she
agreed to notify the appropriate courts that applicant did, in fact, wish to pursue his post-conviction remedies. After receiving confirmation from the trial court that applicant did
wish to pursue habeas relief, this Court appointed Welch as applicant's attorney in that
regard on January 21, 1998, and ordered that any application be filed in the convicting court
no later than the 180th day after the date of the appointment.

 On July 2, 1998, this Court again received correspondence from applicant that he
wanted to discontinue his appeal. In light of that request, we issued an order granting
applicant's request "to waive and forego all further appeals." Ex parte Wardlow, No.
72,102 (Tex. Crim. App. July 14, 1998)(not designated for publication). Despite this
order, counsel filed applicant's habeas application on July 20, 1998, 180 days after the date
of her appointment. For the reasons stated in the order of July 14, 1998, we dismiss
applicant's post-conviction application for writ of habeas corpus. 

 IT IS SO ORDERED THIS THE 15th DAY OF September, 2004.


Do Not Publish